# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JASON C. ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00612-ACA |
| | ) |
| **CITY OF ANNISTON, ALABAMA,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

From 2015 to 2020, Plaintiff Jason Odom served as the Deputy City Attorney for the City of Anniston. Defendant Steven Folks is Anniston's city manager. After Defendants Benjamin Little and Glen Ray attended city council meetings and publicly called for Anniston to fire Mr. Odom, Mr. Folks fired Mr. Odom. Mr. Odom then filed this lawsuit against the City and the three individual defendants, raising various claims. (Doc. 23). Among them is a claim that Mr. Folks, Mr. Ray, and Mr. Little violated 42 U.S.C. § 1985(3) by conspiring to fire Mr. Odom because of his race. (*Id.* at 35–36). Mr. Folks moves to dismiss that claim against him for failure to state a claim. (Doc. 34).

Because Mr. Odom has not alleged facts that, if taken as true, suggest that Mr. Folks reached an agreement with Mr. Little and Mr. Ray, the court **GRANTS**

the motion and **WILL DISMISS** the § 1985(3) claim **WITHOUT PREJUDICE**. The court also **DENIES** Mr. Odom's informal motion to amend, contained in his response brief, as futile, because he seeks only to insert into his complaint an entirely conclusory sentence.

## I.     BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Mr. Odom, a Caucasian male, worked for the City of Anniston as its Deputy City Attorney from 2015 to 2020. (Doc. 23 at 4 ¶ 26, 6 ¶ 39). In June 2019, Mr. Folks began working as the City's manager. (*Id.* at 7 ¶ 50). In his role as city manager, Mr. Folks attended the city council meetings. (*Id.* at 10 ¶ 77, 12 ¶ 95, 12 ¶ 99, 12 ¶ 103, 13 ¶ 109, 13 ¶¶ 113–14 ¶ 122, 15 ¶ 126). When Mr. Folks spoke with Mr. Odom in June 2019, he told Mr. Odom that he was "very happy with the job [Mr. Odom was] doing" and did not "intend to make any changes in the Municipal Court because everything [was] going so well." (*Id.* at 7 ¶ 52).

In September 2019, at a city council meeting, Mr. Ray—the president of the Calhoun County NAACP chapter—accused Mr. Odom and an African American municipal judge of misconduct, called the judge a "white man trapped in a black man's body," urged the City to "remove[ ] [Mr. Odom] from the City Court," stated

that "this is [a] Rosa Parks moment for this City," and said that "we're going to be protesting, and protesting, and protesting."  (Doc. 23 at 11 ¶¶ 86–92, 12 ¶ 95–96) (alteration in original).

At October 2019 city council meetings, Mr. Ray accused Mr. Odom of being corrupt and lying, said that Mr. Odom had no "business being over there in that City Court," and said "Jason Odom needs to go!"  (Doc. 23 at 12 ¶¶ 97–105).  At a November 2019 city council meeting, someone unidentified attacked Mr. Odom for prosecuting an African American woman for driving under the influence and thanked Mr. Little "for helping out with these things."  (*Id.* at 13 ¶¶ 107–10).  Later that month, at another city council meeting, Mr. Ray accused Mr. Odom of dishonesty and threatened that if the City did not "get Jason Odom out of that City Court, this City is going to drown!"  (*Id.* at 13–14 ¶¶ 111–19).  At this meeting, Mr. Ray spoke directly to Mr. Folks, saying, "we got to do something, Mr. Folks, we got to do something . . . .  You gotta make a change some kind of way."  (*Id.* at 14 ¶ 118).

In December 2019, at a city council meeting, Mr. Little falsely accused Mr. Odom of falsifying documents.  (Doc. 23 at 10–11 ¶ 71–77).  Later that month, Mr. Ray again challenged Mr. Odom's prosecution of the driving-under-the-influence charge against an African American woman.  (*Id.* at 14 ¶¶ 120–23).

On January 16, 2020, Mr. Folks fired Mr. Odom and the City's Caucasian public defender with no explanation other than the City was going to "move in a different direction," although the City commended Mr. Odom for having served it admirably. (Doc. 23 at 7–8 ¶¶ 53–59). The next day, at another city council meeting, Mr. Ray urged the City to "do something about the City Court" and said that Mr. Odom was "crooked[ ]" and had corrupted "this whole City." (*Id.* at 14 ¶ 124, 15 ¶¶ 128–129).

The City posted Mr. Odom's Deputy City Attorney position in February 2020. (Doc. 23 at 17 ¶¶ 148–49). But despite receiving applications from qualified Caucasian applicants, the City kept the position open for over six months before hiring a less-qualified African American attorney from out of town. (*Id.* at 17–18 ¶¶ 148–62).

### III.   DISCUSSION

The only claim at issue in this motion to dismiss is Mr. Odom's claim that Mr. Folks conspired with Mr. Little and Mr. Ray to deprive Mr. Odom of equal protection, in violation of 42 U.S.C. § 1985(3). (Doc. 23 at 35–37).

"To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff, and drawing all inferences in the plaintiff's favor.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Section 1985 "provides a vehicle to redress conspiracies to interfere with civil rights." *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003).  To establish a conspiracy under § 1985(3), a plaintiff must allege facts showing (1) the existence of a conspiracy; (2) for the purpose of depriving "any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws"; (3) an act in furtherance of the conspiracy; and (4) an injury.  *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (quotation marks omitted).  Mr. Folks argues only that Mr. Odom has not alleged facts showing the existence of a conspiracy between him and Mr. Little and Mr. Ray.  (Doc. 34 at 2).

A plaintiff alleging a conspiracy must present facts showing that "the parties 'reached an understanding' to deny the plaintiff his or her rights." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1985) (quotation marks omitted).  "The linchpin for conspiracy is agreement, which presupposes communication." *Id.*; *see also McAndrew v. Lockhead Martin Corp.*, 206 F.3d 1031,

5

1036 (11th Cir. 2000) (en banc) ("[A] conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan.").

Mr. Odom has not alleged facts from which the court can reasonably infer the existence of an agreement between Mr. Folks, on one hand, and Mr. Ray and Mr. Little, on the other. He has alleged that Mr. Folks was present at multiple city council meetings where Mr. Ray and Mr. Little attacked Mr. Odom's character and his job performance, with the strong implication that his race played a role in their opposition to him being a Deputy City Attorney. (Doc. 23 at 11–14). And at one meeting, Mr. Ray spoke directly to Mr. Folks, asking him to "make a change." (*Id.* at 14 ¶ 118). Several months later, Mr. Folks fired Mr. Odom. (*Id.* at 7–8 ¶¶ 53–59). This is not enough to support a reasonable inference that Mr. Folks had a "meeting of the minds" with Mr. Ray and Mr. Little. *See McAndrew*, 206 F.3d at 1036. Accordingly, the court **GRANTS** the motion to dismiss the § 1985(3) claim against Mr. Folks.

Mr. Odom asks that if the court finds he has not stated a claim for conspiracy, it permit him to amend instead of dismissing the claim. (Doc. 37 at 8). Although he did not file a separate motion or provide a proposed amendment, he states that if allowed to amend, he would "insert into his complaint a conclusory sentence that there existed an agreement among Folks, Ray, and Little to terminate Odom and replace him with someone of a different race." (Doc. 37 at 8).

Under Federal Rule of Civil Procedure 15, the court must grant a motion to amend "when justice so requires." Fed. R. Civ. P. 15(a)(3). But "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Amending the complaint to insert an entirely conclusory sentence would be futile; the court cannot consider conclusory statements in determining whether a plaintiff states a claim. *See Iqbal*, 556 U.S. at 678. Accordingly, the court **DENIES** the request to amend.

### III. CONCLUSION

The court **GRANTS** Mr. Folks' motion to dismiss and **WILL DISMISS** the § 1985(3) claim against Mr. Folks **WITHOUT PREJUDICE**. The court **DENIES** Mr. Odom's motion to amend.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this August 27, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE